UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ROBERT W. OTERO, individually,

    Plaintiff,

v.

TRIUMPH PARTNERSHIPS, LLC,
a foreign limited liability company,
ADAM JEFFREY KATZ, P.A.,
a Florida Corporation, and
ADAM JEFFREY KATZ, individually,

    Defendants.

_____/

# 09-20846

## CIV-ALTONAGA

**MAGISTRATE JUDGE
BROWN**



FILED by _____ D.C.
INTAKE

APR - 1 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### JURY DEMAND

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## PARTIES

3.      Plaintiff, ROBERT W. OTERO, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.      Defendant, TRIUMPH PARTNERSHIPS, LLC, ("TRIUMPH") is a foreign limited liability company, engaged in the business of purchasing and collecting upon debts in Florida being incorporated in Delaware having the registered agent of The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5.      Defendant, ADAM JEFFREY KATZ, P.A. ("LAW OFFICE") is believed to be a Florida Corporation engaged in the practice of law, and citizen of the State of Florida, with its principal place of business at 5571 University Drive, Suite 204, Coral Springs, Florida 33067.

6.      Defendant, ADAM JEFFREY KATZ, ("ATTORNEY") is a natural person and member of The Florida Bar presently practicing law from offices located at 5571 University Drive, Suite 204, Coral Springs, Florida 33067.

7.      LAW OFFICE is liable for the actions of ATTORNEY under the doctrine of *respondeat superior* as well as the holding set forth in *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

8.      TRIUMPH is liable for the actions of both LAW OFFICE and ATTORNEY.  *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

2

9.     ATTORNEY signed a complaint on behalf of LAW OFFICE, which is the subject matter of the instant lawsuit.

10.    All Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

11.     All Defendants regularly collect or attempt to collect debts for other parties.  They are "debt collectors" as defined in the FDCPA.  *Heintz v. Jenkins*, 514 U.S. 291 (1995).

12.    At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

13.    With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

14.    Defendants sought to collect an alleged debt from Plaintiff arising from a HSBC Card Services, Inc. credit card used by Plaintiff primarily for personal, family or household purposes.

15.    On April 4, 2008, Defendants filed a lawsuit in Miami-Dade County, Florida against Plaintiff seeking to collect upon an alleged credit card debt of $3,907.48 dollars.

16.    The state court suit alleges that ROBERT W. OTERO's credit card went into default on September 30, 2002, more than five (5) years before said lawsuit was filed.

17.    A true and correct copy of the state court lawsuit is attached hereto as "Exhibit A".

18.    The statute of limitations in Florida for actions not founded upon a written instrument is four (4) years. Florida Statutes §95.11(3)(k).

19.    The statute of limitations in Florida for actions founded upon a written instrument is five (5) years. Florida Statutes §95.11(2)(b).

20.    Defendants knew the complaint was filed beyond both Florida's four (4) year statute of limitations of limitations and Florida's five (5) year statute of limitations.

4

21.    Knowingly filing a time-barred suit is a violation of the FDCPA.

Kimber v. Federal Financial Corp., 668 F. Supp. 1480 (M.D. Ala. 1987). "Because

few unsophisticated consumers would be aware that a statute of limitations could

be used to defend against lawsuits based on stale debts, such consumers would

unwittingly acquiesce to such lawsuits." Id. at 1487.

22.    Because of the small amount of the alleged debt, Defendants knew

Plaintiff would likely acquiesce as he would not be aware of the statute of

limitations as a defense and the cost of attorney's fees to learn of his defenses and

assert them would exceed the amount sought.

23.    In the state court suit, Defendants actions necessitated ROBERT W.

OTERO to incur attorney's fees.

24.    The sate court lawsuit was successfully defended by ROBERT W.

OTERO's attorney, Erik Kardatzke, Esq., who obtained a dismissal of said lawsuit.

25.    A true and correct copy of the Order of Dismissal is attached hereto as

Exhibit "B".

## COUNT I
## FILING A TIME-BARRED SUIT

26.    Plaintiff incorporates Paragraphs 1 through 24.

27.    Defendants violated the Fair Debt Collection Practices Act by using a

deceptive means in violation of 15 U.S.C §1692e, by engaging in conduct the

natural consequence of which is to harass, oppress or abuse in violation of 15

U.S.C §1692d, and by engaging in an unfair and deceptive practice in violation of 15 U.S.C §1692f by filing a suit against Plaintiff which Defendants knew was time-barred and also by continuing to litigate the matter even after becoming aware that the state court lawsuit was in fact time-barred.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

28. Plaintiff incorporates Paragraphs 1 through 24.

29. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the FDCPA and FCCPA.

30. Plaintiff seeks a permanent injunction prohibiting Defendant from collecting the alleged debt from Plaintiff.

WHEREFORE, PLAINTIFF requests that the Court enter judgment:

6

a.    Declaring that Plaintiff does not owe any monies with respect to the alleged debt sought by Defendant;

b.    Permanently enjoining Defendant and any other parties from collecting upon the alleged debt;

c.    Attorney's fees, litigation expenses and costs of suit; and

d.    Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated this 25 day of March, 2009.

SCOTT D. OWENS, ESQ.
Attorney for Plaintiff
Cohen & Owens, P.A.
3801 Hollywood Blvd., Suite 200
Hollywood, FL 33021
Telephone: 954-923-3801
Facsimile: 954-967-2791
scott@cohenowens.com

By: _____
Scott D. Owens, Esq.
Florida Bar No. 0597651

IN THE COUNTY COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

TRIUMPH PARTNERSHIPS LLC,
As successor in interest to HSBC CARD SERVICES INC,
    Plaintiff

08 - 13 5 0 0 SP 23

CASE NO:
JUDGE:

Vs.

ROBERT W OTERO,
    Defendant,

## NOTICE TO APPEAR FOR PRETRIAL
## CONFERENCE/MEDIATION

## STATE OF FLORIDA — NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

ROBERT W OTERO

6425 SW 6TH ST

MIAMI, FL 33144

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by Attorney at the Dade County Courthouse in Courtroom _2 - 7_ located at __16666 BISCAYNE BLVD. MIAMI, FL ROOM #2-7__ Florida on _MAY 1 4 2008_ at _1:30_ M. for a PRETRIAL CONFERENCE.

### IMPORTANT - READ CAREFULLY

**THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME. DO NOT BRING WITNESSES. YOU MUST APPEAR IN PERSON OR BY ATTORNEY.**

**WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS. INCLUDING COSTS.**

**ATTORNEYS FEES, ENTRY OF JUDGMENT, OR DISMISSAL,**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE/ MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation.

Written authorization must be brought to the Pretrial Conference Mediation. The purpose of the pretrial, conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court a· ' · · · · · · · · · · · · ·te what efforts have been made to

# EXHIBIT A

settle the, dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

## MEDIATION

Mediation may' take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and non-adversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement. In mediation, decision making rests with the parties. Negotiations in county court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances. The court may or may not approve a payment plan and may withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you as the defendant(s) have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides: (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where the suit may be filed, where payment is to be made**

**If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.**

A copy of the statement of claim shall be served with this summons.

DATED at Miami, Florida, on _____ APR - 4 2008

Filed by: _____

ADAM J. KATZ ATTORNEY AT LAW

Address:        5571 UNIVERSITY DR. SUITE 204

CORAL SPRINGS, FLORDIA 33067

PHONE #        (954)-761-8080

FAX #        (954)-523-5723

CLERK OF THE COURT

By _____

## IN THE COUNTY COURT OF THE 11TH JUDICIAL CIRCUIT
### IN AND FOR DADE COUNTY, FLORIDA

TRIUMPH PARTNERSHIPS LLC,
As successor in interest to HSBC CARD SERVICES INC,
    Plaintiff,

CASE NO: 08 - 13500 SP 23
JUDGE

vs.

ROBERT W OTERO
    Defendant,

_____/

# COMPLAINT

COMES NOW, the Plaintiff, Miami, as successor in interest to HSBC CARD SERVICES INC, and through its undersigned counsel, files this complaint against Defendant, ROBERT W OTERO and state as follows:

### STATEMENT OF CLAIM

1. This is an action for damages that are within the jurisdictional limits of this Court, exclusive of interest, costs and attorney's fees.

2. Plaintiff TRIUMPH PARTNERSHIPS LLC is a corporation organized and existing under the laws of The United States of America and with its principal place of business located outside The State of Florida, which is engaged in interstate commerce. The plaintiff is the owner of this account and is predecessor in interest sold and assigned all right, title and interest in defendant's account with Creditor: HSBC CARD SERVICES INC, (Original Creditor account # 5499440915202589).

3. In the ordinary course of business TRIUMPH PARTNERSHIPS LLC, purchases charged-off credit accounts, installment accounts and/or other credit lines.

4. Defendant ROBERT W OTERO is an individual, is sui juris, and is a resident of Dade County. Florida.

5. All conditions precedent to the institution of the present action have occurred, been performed and/or excused.

6. By use of the credit card the Defendant has accepted the terms and conditions of the credit card issuer.

7. Defendant caused various charges to be made through the use of said card.

8. Notice required by the Fair Debt Collection Practices Act, 15 U.S.C. 1601 et seq. is attached hereto as part of Exhibit "A".

### COUNT 1

Plaintiff realleges all of the allegations set forth in paragraphs "1" through "8", as if fully set forth herein and for Count I of the Complaint further alleges:

9. On or about 9/30/2002 the Defendant ROBERT W OTERO failed to make timely payments which were due and previously aforementioned and referred to in paragraph 6 in accordance with the terms and conditions of the credit card issuer.

10. The Plaintiff has rendered monthly statements directly to the Defendant.

11. Plaintiff made demand on Defendant and Defendant has failed to pay.

12. This account provides for Attorney's fees if the original creditor or its assignee is required to pursue litigation to collect on this debt.

13. Plaintiff has retained the undersigned Attorney for representation in these proceedings and is obligated to pay its attorney's fee for services rendered

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant, ROBERT W OTERO in the principal amount due of $ 3907.48 together with interest, court costs, Attorney's fees and any other relief this court may deem just and proper, for which let execution issue.

## COUNT II
### UNJUST ENRICHMENT

Plaintiff realleges all of the allegations set forthwith in paragraphs "1" through "8" as if fully set forth herein and for Count II of the Complaint further alleges:

14. Defendant received a financial benefit, which was in fact appreciated by the Defendant.

15. Defendant accepted the financial benefit.

16. By virtue of the circumstances surrounding the use of the credit card, Defendant knowingly requested the funds in issue and or knowingly and voluntarily accepted the benefits bestowed.

17. It would be inequitable for this Court to allow the Defendant to retain the value of the funds in issue without repaying the Plaintiff the value of same.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant, ROBERT W OTERO in the principal amount due of $ 3907.48, together with interest, court costs, Attorney's fees and any other relief this court may deem just and proper, for which let execution issue.

Dated February 27, 2008

ADAM JEFFREY KATZ, P.A.
Attorney for Plaintiff
5571 University Drive, Suite 204
Coral Springs, FL 33067
Phone # (954) 761-8080

ADAM JEFFREY KATZ
FBN: 983217

-2-

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. SECTION 1601, AS AMENDED

1. The amount of the debt is set forth in the Complaint to which this Notice is attached as an exhibit.

2. The Plaintiff as set forth in the attached Summons and complaint is the creditor to whom the debt is owed.

3. The debtor may dispute the validity of the debt, or any portion thereof, within thirty (30) days of the receipt of this Notice. If the debtor fails to dispute the debt within thirty (30) days, the debt will be assumed valid by the creditor.

4. If the debtor notified the creditor's law firm in writing within thirty (30) days from receipt of this Notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt or a copy of a judgment and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5. If the creditor named in the Complaint is not the original creditor, and if the debtor makes a written request to the creditor's law firm within thirty (30) days of receipt of this Notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Written requests pursuant to this Notice should be addressed to : Adam J. Katz, Esquire, Adam Jeffrey Katz, P.A., 5571 University Drive, Suite 204, Coral Springs, Florida 33067.

7. This communication is for the purpose of collecting a debt, and any information obtained from the debtor will be used for that purpose. This communication is from a debt collector.

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11ᵀᴴ JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

CASE NUMBER: 08-13500-SP-23-1
JUDGE:
DIVISION:

TRIUMPH PARTNERSHIPS, LLC,
AS SUCCESSOR IN INTEREST TO HSBC CARD SERVICES
    Plaintiff,

Vs.

ROBERT W OTERO,
    Defendant,

_____/

## ORDER FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

THIS CAUSE having come before the Court upon this Motion for Order for Voluntary Dismissal Without

Prejudice, and the Court having considered such Motion and being otherwise informed of this matter it is hereby:

ORDERED AND ADJUDGED that all claims in the above action against, Robert W Otero are hereby

dismissed Without Prejudice, pursuant to this request by motion signed by Adam J. Katz Attorney for the Plaintiff.

DONE AND ORDERED in Chambers at Dade County, Florida

DATED on the _____ day of _____ 2009

SIGNED AND DATED
MAR 10 2009

JUDGE MYRIAM LEHR
COUNTY COURT JUDGE

Copies furnished to:
Adam J. Katz, Attorney for the Plaintiff
Erik Kardatzke, Attorney for Defendant

# EXHIBIT B

°℟ JS 44   (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

ROBERT W. OTERO, individually

**DEFENDANTS**

TRIUMPH PARTNERSHIPS, LLC, ADAM JEFFREY KATZ, P.A. and ADAM JEFFREY KATZ

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New Castle County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

SCOTT D. OWENS, ESQ./COHEN & OWENS, P.A.
3801 Hollywood Boulevard, Suite 200, Hollywood, FL 33021
Phone: 954-923-3801

09-CV-20846-Altonaga/Brown

Attorneys (If Known)

FILED by _____ D.C.
INTAKE
APR - 1 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**(d)** Check County Where Action Arose:  ✓ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
✓ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ▣ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO     b) Related Cases ☐ YES ✓ NO

JUDGE                                    DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

FDCPA Violation

LENGTH OF TRIAL via  1   days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ✓ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
s/

DATE  3/26/09

**FOR OFFICE USE ONLY**

AMOUNT  350 -     RECEIPT #  998290     IFP